**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **JOHN ANDROS,** *et al.*, | : |
| | : |
|     **Plaintiffs,** | : |
| | : |
| v. | :    **CASE NO: 7:23-cv-135 (WLS)** |
| | : |
| **STEPHEN TINSLEY,** *et al.*, | : |
| | : |
|     **Defendants.** | : |
| _____ | : |

**ORDER**

On April 10, 2025, Defendants April Tinsley and Stephen Tinsley (together the "Tinsley Defendants") filed a Notice of Appeal (Doc. 107) as to the Court's Order (Doc. 103) denying in part the Tinsley Defendants' motions to dismiss, and in particular the Court's finding that the Tinsley Defendants are not entitled to qualified immunity. Currently before the Court are the following non-dispositive Motions filed by National Insurance Crime Bureau ("NICB"):

    1.    Emergency Motion for Protective Order (Doc. 83) ("Protective Order Motion") filed September 11, 2024. Therein, NICB objects to Plaintiffs' notice to take a Rule 30(b)(6) deposition on the basis that it was not properly noticed and further asserts that the Plaintiffs' request for documents are unduly burdensome or irrelevant.

    2.    Motion for Sanctions (Doc. 87) ("Sanctions Motion") filed October 8, 2024. Therein, NICB asserts Plaintiffs should be sanctioned for not dismissing NICB from the case based on NICB's analysis of the discovery in the case.

    3.    Motion for Sanctions and to Strike Testimony of Plaintiff's Expert Gary Vowell (Doc. 112) ("Vowell Motion") filed April 30, 2025. Therein, NICB contends that during his deposition, Plaintiffs' expert, Gary Vowell, offered new opinions that were not included in Mr. Vowell's Rule 26 report and that such new opinions should be excluded. Alternatively, NICB requests the Court allow it to resume Mr. Vowell's deposition limited to the scope of

the new opinion and that discovery be reopened to allow NICB to disclose rebuttal and/or supplemental experts.

All of the Motions are fully briefed, and—based on the Court's determination, as discussed below, that it retains jurisdiction to resolve these non-dispositive Motions—they are ripe for decision.

### I.   JURISDICTION AFTER INTERLOCUTORY APPEAL

The parties were given the opportunity to, and each did, brief this issue. The Court has considered the parties' briefs and arguments in reaching its conclusion. The Plaintiffs and the Tinsley Defendants all agreed the Court retains jurisdiction to decide these non-dispositive Motions. Only NICB opined that the Court should stay resolutions of the Motions.

In relevant part, 28 U.S.C. § 1291 provides that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States, . . . except where a direct review may be had in the Supreme Court." With respect to a district court's jurisdiction of a case pending appeal, the Eleventh Circuit has stated:

> The filing of a proper notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the appellate court and divests the trial court of its control over *those aspects of the case involved in the appeal*.[1] *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L.Ed.2d 225 (1982).

*In re Walker*, 515 F.3d 1204, 1211 (11th Cir. 2008) (emphasis added). "However, the district court may retain jurisdiction to consider motions that are collateral to the matters on appeal." *Palmyra Park Hosp., Inc. v. Phoebe Putney Mem'l Hosp., Inc.*, 688 F. Supp. 2d 1356, 1358 (M.D. Ga.

---

[1] On May 2, 2025, the Tinsley Defendants filed the Civil Appeal Statement identifying the issues they propose to raise on appeal which are:

> Whether it was clearly established at the time of the incident underlying this appeal that:
>
> 1) a misstatement of law, rather than fact, in a warrant affidavit, can amount to a violation of the Fourth Amendment; and
>
> 2) whether the seizure of items that fall within the categories of evidence listed in a facially valid search warrant may nonetheless violate the Fourth Amendment on grounds of overbreadth.

*Andros v. Tinsley*, No. 25-11286, ECF No. 9 at 3 (11th Cir. May 2, 2025).

2010) (Sands, J.) (citing *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir.2003)). "As both the Supreme Court and we have recognized, Rule 11 motions raise issues that are collateral to the merits of an appeal, and as such may be filed even after the court no longer has jurisdiction over the substance of the case." *Mahone*, 326 F.3d at 1180.

> [T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate.

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990).

In *Mahone*, the district court granted defendants' motion to dismiss on several bases, including finding that defendants were entitled to qualified immunity. Plaintiff appealed the dismissal to the Eleventh Circuit, but also filed a motion for sanctions against defendants alleging they had misled the district court. The district court found that it lacked jurisdiction because of the pending appeal and denied the plaintiff's motion for sanctions. Plaintiff appealed the denial of his Rule 11 motion. The Eleventh Circuit, found the district court had erred in denying the Rule 11 motion based on lack of jurisdiction because such motion was collateral to the issues on appeal.

In its brief, NICB cites to nonbinding cases holding that upon receiving notice of an appeal based on denial of qualified immunity, a trial court should stay proceedings unless the appeal is frivolous or has been forfeited. (*See* Doc. 137 at 2–4 (citing cases from other districts and circuits including *Morris v. Town of Lexington*, No. CV-11-S-1106, 2013 WL 550266 (N.D. Ala. Feb. 13, 2013)). While *Morris* cites the Eleventh Circuit case of *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004) as support for this statement, *Blinco* is factually distinguishable from this case because (i) there was only one defendant involved in *Blinco*, and (ii) the defendant/lender appealed the district court's decision denying its motion to compel arbitration and its motion to stay proceedings pending appeal. The Eleventh Circuit held that "[w]hen a non-frivolous appeal involves the denial of a *motion to compel arbitration*, it makes little sense for the litigation to continue in the district court while the appeal is pending." *Blinco*, 366 F.3d at 1253. *Blinco* is further distinguishable because there were no collateral motions involved in *Blinco*. Based on the Court's review, the cases cited by NICB did not consider the issue of

3

whether a district court retained jurisdiction of collateral motions after an appeal was filed. Rather, they involved motions to stay a case from proceeding to trial or to summary judgment. *See e.g. Morris*, 2013 WL 550266 (staying proceedings on motion of appellant/defendant pending resolution of denial of qualified immunity; no collateral motions discussed); *Scott v. Miami-Dade Dep't of Corr.*, No. 13-23013-CIV, 2015 WL 13899814 (S.D. Fla. Aug. 14, 2015), *report and recommendation adopted* (Aug. 31, 2015) (same); *see also Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989) (determining the district court did not have jurisdiction to proceed to trial after defendants appealed summary judgment denying them qualified immunity).[2]

## II.  THE PENDING NON-DISPOSITIVE MOTIONS ARE COLLATERAL

### A. The Protective Order Motion

In its Protective Order Motion NICB complains that Plaintiffs' counsel unilaterally noticed a Rule 30(b)(6) deposition of NICB without first attempting to confer with NICB's counsel and without inquiring into the availability of NICB's counsel for the date noticed. NICB further asserts that the subject matters on which NICB's deposition designee(s) is to testify are too broad, irrelevant, unduly burdensome, privileged, or protected. Resolution of the Protective Order Motion does not involve the merits of this case. The Tinsley Defendants are not parties to the Protective Order Motion, and they did not file responses to the Motion. Nor does such Motion impact any substantive issues relating to the Tinsley Defendants or to their appeal. The only impact on the Tinsley Defendants is for their counsel to appear at a Rule 30(b)(6) deposition of NICB's designee if the Tinsley Defendants decide such appearance is desired.

### B. The Sanctions Motion and Vowell Motion

Both the Sanctions Motion and Vowell Motion seek sanctions against the Plaintiffs. Resolution of these Motions "requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Cooter & Gell*, 496 U.S. at 396. While the Sanctions Motion may be an improper attempt by NICB

---

[2] The Court has already determined that pending resolution of the Tinsley Defendants' interlocutory appeal, it does not have jurisdiction to dispose of this case on the merits.

to take a shortcut to a motion for summary judgment, the Court declines to treat it as such. The Court's review of the Sanctions Motion and Vowell Motion will be strictly limited to the issue of whether Plaintiffs or their counsel abused the judicial process, and if so, what sanctions, if any, are warranted. Again, the Tinsley Defendants are not parties to the Sanctions Motion or the Vowell Motion, and they did not file responses to the Motions. Nor do such Motions impact any substantive issues relating to the Tinsley Defendants or to their appeal. The only impact on the Tinsley Defendants is for their counsel to appear at deposition(s), if any, that may be permitted upon resolution of the Vowell Motion if the Tinsley Defendants decide such appearance is desired.

### III. CONCLUSION

Based on the foregoing, the Court finds that the Protective Order Motion (Doc. 83), Sanctions Motion (Doc. 87), and Vowell Motion (Doc. 112) are collateral to the merits of Plaintiffs' claims and thus, the Tinsley Defendants' Notice of Appeal did not divest this Court of jurisdiction to resolve such Motions.

Accordingly, the hearings on the Motions (Docs. 83, 87, 112) will be reset by separate order or notice of the Court.

**SO ORDERED**, this 30th day of May 2025.

                                            **/s/W. Louis Sands**
                                            **W. LOUIS SANDS, SR. JUDGE**
                                            **UNITED STATES DISTRICT COURT**