**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **JOHN ANDROS,** *et al.*, : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | **CASE NO: 7:23-cv-135 (WLS)** |
| : | |
| **STEPHEN TINSLEY,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| _____ : | |

## ORDER

Currently before the Court are the following non-dispositive Motions filed by National Insurance Crime Bureau ("NICB"):

1. Emergency Motion for Protective Order (Doc. 83) ("Protective Order Motion") filed September 11, 2024. Therein, NICB objects to Plaintiffs' notice to take a Rule 30(b)(6) deposition on the basis that it was not properly noticed and further asserts that the Plaintiffs' request for documents are unduly burdensome or irrelevant. Plaintiffs' response (Doc. 86) to the Protective Order Motion was filed on September 20, 2024.

2. Motion for Sanctions (Doc. 87) ("Sanctions Motion") filed October 8, 2024. Therein, NICB asserts Plaintiffs should be sanctioned for not dismissing NICB from the case based on NICB's analysis of the discovery in the case. Plaintiffs' response (Doc. 90) to the Sanctions Motion was filed on October 29, 2024.

3. Motion for Sanctions and to Strike Testimony of Plaintiff's Expert Gary Vowell (Doc. 112) ("Vowell Motion") filed April 30, 2025. Therein, NICB contends that during his deposition, Plaintiffs' expert, Gary Vowell, offered new opinions that were not included in Mr. Vowell's Rule 26 report and that such new opinions should be excluded. Alternatively, NICB requests the Court allow it to resume Mr. Vowell's deposition limited to the scope of the new opinion and that discovery be reopened to allow NICB to disclose rebuttal and/or

1

supplemental experts. Plaintiffs response (Doc. 86) to the Vowell Motion was filed on May 13, 2025, and NICB filed a reply (Doc. 139) on May 16, 2025.

The Protective Order Motion, Sanctions Motion, and Vowell Motions are referred to collectively herein as "NICB's Motions." All such motions are fully briefed, and are ripe for decision.

**I.  RELEVANT PROCEDURAL BACKGROUND**

On December 6, 2023, Plaintiffs John Andros, Julie Andros, Kings Parkway, LLC d/b/a 67 Motors ("67 Motors"), and Ideal Transport, LLC ("Ideal Transport") filed a complaint (Doc. 1) against Deputy Sheriff April Tinsley ("April Tinsley"), Stephen Tinsley ("Sheriff Tinsley"), the Sheriff of Clinch County, Georgia, and the National Insurance Crime Bureau, Inc. ("NICB"). Sheriff Tinsley and Deputy Sheriff April Tinsley are husband and wife and are referred to collectively as the "Tinsley Defendants." NICB and the Tinsley Defendants are referred to collectively as "Defendants." Eventually, there were three iterations of Plaintiffs' complaint.

In response to the original complaint, on January 12, 2024, NICB filed an answer with affirmative defenses (Doc. 7) and a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Doc. 8).

On February 2, 2024, Plaintiffs filed a first amended complaint (Doc. 13) in which they attempted to incorporate by reference the allegations contained in their original complaint (Doc. 1). In this district, an amended complaint completely replaces the original complaint. Thus, Plaintiffs were ordered to refile the first amended complaint to include all allegations and causes of action Plaintiffs intended to assert against all Defendants. On February 14, 2024, Plaintiffs filed their second amended complaint (Doc. 15) which was merely a compilation, as ordered by the Court, of their original complaint and first amended complaint. NICB's motion to dismiss (Doc. 8) was denied as moot due to the filing of the second amended complaint. (*See* Doc. 16).

In response to the second amended complaint, on March 6, 2024, NICB filed an answer with affirmative defenses (Doc. 24) and a motion to dismiss for failure to state a claim under Rule 12(b)(6) (Doc. 25).

2

On March 19, 2024, the Court held a discovery conference at which discovery deadlines were set and a deadline of May 17, 2024, was set to join parties or amend pleadings. (Doc. 29 ¶ 2). An Order (Doc. 29) ("Discovery Order") was entered memorializing the conference and deadlines. Motions to stay discovery were denied, but multiple motions to extend discovery were granted. With the modifications of the deadlines, discovery proceeded pursuant to the Discovery Order. (*See* Docs. 68, 70, 93, 95).

On May 17, 2024, Plaintiffs timely moved to amend their second amended complaint to add factual allegations obtained from Sheriff Tinsley during his deposition. (Doc. 37). The Tinsley Defendants responded that they did not oppose the motion to amend, but denied the additional allegations. NICB did not file a response. On June 11, 2024, the Court entered an Order (Doc. 39) granting the motion to amend, requiring Plaintiffs to file their amended complaint on or before June 12, 2024, and denying as moot all pending motions to dismiss, including NICB's motion (Doc. 25). On June 12, 2024, Plaintiffs filed the operative Third Amended Complaint (Doc. 40), in which they allege 1983 Civil Rights Actions against the Tinsley Defendants and allege various state law claims against the Tinsley Defendants and NICB.

Defendants refiled their motions to dismiss (Docs. 41, 44, 45), and after a denial of Plaintiffs' motion to convert Defendants' motions to ones for summary judgment, Plaintiffs' filed amended responses (Docs. 78, 80, 79), and the Defendants each filed timely amended replies (Docs. 81, 82, 84). By Order (Doc. 103) entered March 31, 2025, NICB's motion to dismiss, along with those of the Tinsley Defendants, were granted in part and denied in part. In particular, the following claims remain pending against NICB:

a. Claim for Intentional Infliction of Emotional Distress and Trespass;

b. Claim for Attorney Fees Pursuant to Georgia Code § 13-6-11; and

c. Claim for Punitive Damages.

(*See id.* at 41).

On April 10, 2025, the Tinsley Defendants filed a Notice of Appeal (Doc. 107) seeking appellate review of this Court's denial of qualified immunity.

3

NICB's Protective Order Motion and Sanctions Motion were filed prior to the Notice of Appeal. A hearing was scheduled on these motion for January 21, 2025, in Valdosta, Georgia. (*See* Docs. 89, 91 & Docket Text entry Jan. 16, 2025). Due to weather conditions in Valdosta, the hearing was rescheduled to April 14, 2025 by docket entry of March 31, 2025. And again rescheduled on Plaintiffs' motion to May 20, 2025. (*See* Docs. 104, 105, 106, and Docket Text Entry Apr. 8, 2025). As noted above, the Tinsley Defendants' Notice of Appeal was filed April 10, 2025.

With the interlocutory appeal pending and without seeking further guidance from the Court, on April 30, 2025, NICB filed the Vowell Motion as well as a motion for summary judgment (Doc. 114), and on May 1, 2025, NICB filed related discovery materials (Docs. 115–127). Because of the pending interlocutory appeal and substantial question of the Court's continuing jurisdiction, by Order (Doc. 131) entered May 14, 2025, the Court instructed each party to advise the Court of its position as to the effect of the interlocutory appeal on all matters then pending before this Court. Upon review of the responses, the Court entered an Order (Doc. 140), which (1) once again continued the hearings on NICB's Motions to allow the Court to consider the effect of the interlocutory appeal on such motions, (2) dismissed NICB's motion for summary (Doc. 114), without prejudice to it being refiled, if appropriate, after resolution of the Tinsley Defendants' interlocutory appeal, and (3) staying the case pending resolution of the interlocutory appeal or pending further orders of the Court.

After finding that NICB's Motions are collateral to the merits of Plaintiff's claims, and therefore, the Tinsley Defendants' Notice of Appeal did not divest this Court of jurisdiction to resolve such motions, the Court rescheduled and held a hearing on NICB's Motions on July 29, 2025. (*See* Docs. 141, 142, 145, and Docket Text Entry July 29, 2025).

Prior to the July 29, 2025 hearing, the Court was advised that Plaintiffs' claims against the Tinsley Defendants had been settled in full. Since then, the Tinsley Defendants' interlocutory appeal has been dismissed and the Tinsley Defendants have been dismissed from this case. (*See* Docs. 143, 146, 147, 148).

Having noted that NICB's Motions are fully briefed and ripe for decision, the Court addresses each motion in turn.

4

## II. NICB'S MOTIONS

The matters pending are discovery related matters that occurred while discovery was pending, but whose resolution was delayed due in part to the necessity to continue the hearings, but whose resolution was delayed in large part due to the uncertainty brought about by the intervening appeal, which was settled immediately prior to the July 29, 2025 hearing.

This Court has wide discretion in setting the limits of discovery. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Federal Rule of Civil Procedure 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "While Rule 26(c) articulates a single standard for ruling on a protective order motion, that of 'good cause,' the federal courts have superimposed a somewhat more demanding balancing of interests approach to the Rule. *Farnsworth*, 758 F.2d at 1547.

Upon full review, and with the benefit of briefing and argument, the Court resolves the remaining disputes as follows.

### A. The Protective Order Motion (Doc. 83)

In its Protective Order Motion NICB complains that Plaintiffs' counsel unilaterally noticed a Rule 30(b)(6) deposition of NICB without first attempting to confer with NICB's counsel and without inquiring into the availability of NICB's counsel for the date noticed. NICB further asserts that the subject matters on which NICB's deposition designee(s) is to testify are too broad, irrelevant, unduly burdensome, privileged, or protected. Plaintiffs state they complied with the rule which requires that before or *promptly after* the notice or subpoena is served, the serving party and organization must confer in good faith. Plaintiffs assert they complied with the rule—they originally noticed the deposition for June 16, 2024, attempted to confer with NICB one week later about the topics for examination, and the deposition was re-noticed for a later date at request of NICB. Plaintiffs also contend the motion for protective order is not the proper method to object to Rule 30(b)(6) topics, and that it is, in any event premature where filed prior to the deposition.

Notwithstanding Plaintiffs' contention that NICB should wait until the subject deposition before the submission or entertainment of a motion for protective order, the Court,

5

in its discretion, finds the pending Protective Order Motion sufficiency specific as to its requests and appropriate for the Court's consideration. In fact, addressing issues in advance benefits both parties, as well as the anticipated witness. A fair and reasonable scope for a Rule 30(b)(6) deposition can be established. The Court **GRANTS IN PART** and **DENIES IN PART** NICB's Protective Order Motion with respect to the topics of testimony Plaintiffs' seek to discover as follows:

### Topic 1:

Plaintiffs seek: Each and every search warrant that NICB employees helped to execute.

The Court finds the in Topic 1 is relevant and discoverable, but is unreasonably broad and unlimited in time.

Accordingly, as to Topic 1, the Protective Order Motion is **GRANTED IN PART** and **DENIED IN PART** and the Court limits Topic 1 as follows:

> Each and every search warrant that an NICB employee helped or assisted in executing during the five-year period immediately preceding the filing of Plaintiffs' initial complaint in the captioned case.

### Topic 2:

Plaintiffs seek: Any and all information regarding action taken by Trent Van Lannen on August 28, 2023, regarding the search warrant(s) executed on John and Julie Andros, 67 Motors, and Ideal Transport.

The Court finds the information in Topic 2 is relevant and discoverable, and Plaintiffs are not limited by any separate responses by Van Lannen.

Accordingly, as to Topic 2, the Protective Order Motion is **DENIED**.

### Topic 3:

Plaintiffs seek: Trent Van Lannen's total compensation

The Court finds Trent Van Lannen's compensation relevant and discoverable. Though not a named party, he is an employee of Defendant NICB whose alleged conduct is at the center of this action.

Accordingly, as to Topic 3 the Protective Order Motion is **DENIED**.

### *Topic 4:*

Plaintiffs seek: Trent Van Lannen's personnel file

The Court finds Trent Van Lannen's personnel file is relevant and discoverable, subject to NICB's right to assert confidentiality or to seek a protective order with specificity with regard to the contents of the file. Plaintiffs are not limited by any separate responses by Van Lannen.

Accordingly, as to Topic 4 with the limitation noted, the Protective Order Motion is **DENIED**.

### *Topic 5:*

Plaintiffs seek: The names of any ex-special agent who have left the company in the last five years.

The Court finds the information requested relevant and discoverable, but overly broad.

Accordingly, as to Topic 5, the Protective Order Motion is **GRANTED IN PART** and **DENIED IN PART** and the Court limits Topic 5 as follows:

> Name of any employee or special agent of NICB who has left the company in the last five years immediately preceding the date of filing of Plaintiffs' initial complaint and whose leaving involved any issue concerning such employee's conduct or actions while assisting law enforcement.

### *Topic 6:*

Plaintiffs seek: The name of the insurance company that formed NICB.

The Court finds the information requested relevant and discoverable, but overly broad and not reasonably limited. Accordingly, as to Topic 6, the Protective Order Motion is **GRANTED IN PART** and **DENIED IN PART** and the Court limits Topic 6 as follows:

NICB shall provide the names of all entities or individuals, including but not limited to insurance companies that were members, associates, or sponsors, or the equivalent of such, in connection with the creation or organization of NICB at its inception or during the immediate three-year period following NICB's inception.

NICB may comply with this request by an affirmative binding statement and stipulation placed on the Record of this case that all available information regarding members, entities, or

7

associates of NICB as publicly available on NICB's website is true, accurate, and authentic and may be submitted into evidence without the need for further authentication.

### Topic 7:

Plaintiffs seek: Any and all lawsuits that NICB has been a named party which deal with stolen vehicles.

The Court finds the information requested relevant and discoverable, but overly broad and not reasonably limited. Accordingly, as to Topic 7, the Protective Order Motion is **GRANTED IN PART** and **DENIED IN PART** and the Court limits Topic 7 as follows:

> Any and all law suits which deal with stolen vehicles that NICB has been a named party within the five-year period immediately preceding the date of the filing of Plaintiffs' initial complaint in the captioned case and prior such lawsuits from an earlier period if said suits pended resolution at any time during the aforesaid five-year period.

### Topic 8:

Plaintiffs seek: Notes of Robert Cooper while listening to off the record conversations during depositions of Stephen and April Tinsley.

Upon the Court's review and consideration, Plaintiffs' request regarding any notes of Robert Cooper apparently relates to possible statements made between Plaintiffs' counsel and Plaintiffs off the record during a deposition. Plaintiffs do not show or assert that any such comments were overheard in circumstances where steps were clearly taken to preserve confidentiality. Communications between lawyers and clients are not without protection. In any case, the Court finds NICB's offered affidavit, if produced and properly submitted as described, sufficient resolution of this request.

Accordingly, as to Topic 8, the Protective Order Motion is **GRANTED IN PART** and **DENIED IN PART**.

With respect to the Protective Order Motion, by separate Order, the discovery period will be reopened and extended. NICB shall produce its designated Rule 30(b)(6) witness at an appointed time duly noticed in accordance with the Rules as allowed during the extended limited discovery period and said witness shall produce discovery as ordered herein and submit to examination as set out herein.

### B. The Sanctions Motion (Doc. 87)

NICB contends Plaintiffs should be sanctioned for not dismissing NICB from this case based on NICB's analysis of the case. Plaintiffs contend that the fact NICB disagrees with Plaintiffs' legal theories, factual allegations, or the strength of their case, does not entitle NICB to sanctions. "Although sanctions are warranted when the claimant exhibits a deliberate indifference to obvious facts, they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (citations and internal quotation marks omitted) (footnote omitted). "In assessing whether Rule 11 sanctions should be imposed, the court does not judge the merits of an action. Rather, the court determines 'a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate.'" *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 417 (S.D.N.Y. 2003) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)).

The Court finds the Sanctions Motion is due to be denied. First, NICB failed to prevail in dismissing all of Plaintiffs' claim. Therefore, in view of that fact, NICB's assertions that Plaintiffs' claims should have been dismissed in their entirety by Plaintiffs is unfounded. Second, the Record is not complete, and most assuredly was not complete when the Sanctions Motion was filed.

Accordingly, the Sanctions Motion (Doc. 87) is **DENIED, WITH PREJUDICE,** on the present record.

### C. The Vowell Motion (Doc. 112)

In summary, NICB contends that when Plaintiffs' expert, Gary Vowell, ("Vowell") was deposed on January 9, 2025, he offered new opinions that were not included in his Rule 26 report and that such new opinions should be excluded. NICB requests exclusion of Vowell's new opinion and that Plaintiffs be required to pay NICB's costs in preparing the Vowell Motion (Doc. 112). The Court notes that although Vowell was deposed on January 9, 2025, NICB did not file the Vowell Motion requesting the Court strike his testimony until April 30, 2025. Alternatively, NICB requests the Court allow it to resume Vowell's deposition limited

9

to the scope of the new opinion and that discovery be reopened to allow NICB to disclose rebuttal and/or supplemental experts.

In their response (Doc. 130), Plaintiffs contend that Vowell did not offer a new opinion, but built upon or elaborated his opinion. In addition, Plaintiffs contend that another of Plaintiffs' experts Louis Dekmar, specifically opined on the subject that NICB contends is a new opinion offered by Vowell. Plaintiffs did not object to NICB's suggested resolution. The Court finds the assertion of lack of new opinions is at least arguable, especially in light of other noted related discovery. However, the opposing party has a right to full expert disclosures and a meaningful right to depose as to individual expert witnesses.

Accordingly, the Court finds that the Vowell Motion (Doc. 112) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. NICB's request for sanctions in the form of striking the testimony of Plaintiffs' expert Gary Vowell is **DENIED**.

2. NICB's request to reopen and extend discovery is **GRANTED**, and a separate Order will be entered for that purpose.

3. Per the separate order reopening and extending discovery, Plaintiff shall make Vowell available for NICB to conduct a supplemental deposition of Vowell, limited to the scope of Vowell's new opinions disclosed in his deposition taken January 9, 2025. Thereafter, and in accordance with the separate order, NICB shall immediately notice and disclose any rebuttal supplemental expert witness in accordance with the Rules and make said witness available for timely deposition. As agreed by Plaintiffs, the costs of Vowell's supplemental deposition shall be borne by Plaintiffs. Said costs shall not include attorney fees for the taking of the deposition. Counsel are ordered to immediately confer and cooperate to timely complete the limited discovery as set out herein and in the separate order reopening discovery.

### III. CONCLUSION

Accordingly, the Protective Order Motion (Doc. 83) is **GRANTED IN PART** and **DENIED IN PART** as stated above, the Sanctions Motion (Doc. 87) is **DENIED, WITH**

**PREJUDICE**, on the present record, and the Vowell Motion (Doc. 112) is **DENIED IN PART** and **GRANTED IN PART** as stated above.

**SO ORDERED**, this 30th day of September 2025.

                                           <u>/s/W. Louis Sands</u>
                                           **W. LOUIS SANDS, SR. JUDGE**
                                           **UNITED STATES DISTRICT COURT**