IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **JOHN ANDROS,** *et al.*, : <br> : <br> **Plaintiffs,** : <br> : <br> v. : <br> : <br> **NATIONAL INSURANCE CRIME** : <br> **BUREAU, INC.,** : <br> : <br> **Defendant.** : | **CASE NO:** <br> **7:23-cv-135–WLS** |

### ORDER

     Before the Court is National Insurance Crime Bureau's ("NICB") Motion to Exclude Testimony by Plaintiffs' Expert Gary Vowell (Doc. 153) ("Motion to Exclude"). The Court's preliminary review of the Record reveals that NICB has failed to file all discovery in accordance with the Local Rules.

     Specifically, under Local Rule 5.1 "the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing (a) depositions, (b) interrogatories, (c) request for documents[,] . . . and requests for admission." M.D. Ga. L.R. 5.1. This means that, when a party relies on a document—including a deposition—in connection with a motion, the Local Rules require that party to file the complete version of that document. *See id.* And when a party has not, the Court may order that party to do so. *See id.*

     In reviewing the Record, the Court has discovered that NICB relies on heavily excerpted deposition testimony of Gary Vowell's second deposition[1] taken on October 29, 2025, in the Motion to Exclude. (*See* Doc. 153-2). Other than the title page, NICB's excerpted transcript of Mr. Vowell's October 29, 2025 deposition includes only pages 38 and 39 of such deposition. In fact, the excerpt does not appear to include all pages referred to in the Motion to Exclude, and the deposition does not appear separately in the Record. (*See* Docket).

---

[1] The full transcript of Mr. Vowell's first deposition, taken January 9, 2025, is in the Record. (*See* Doc. 125).

1

Such heavily edited transcripts leave the testimony bereft of what might be critical context, and in its present form, adds little. It is not the Court's practice to resolve substantive or dispositive motions based on incomplete documents. The Court will give NICB the opportunity to file discovery in accordance with the Local Rules, not only with respect to the specific depositions noted above, but with respect to all forms of discovery which NICB seeks to have the Court consider in resolving any motions as required by the Local Rules. The Court instructs Plaintiff's counsel to ensure compliance with the Local Rules in filing their responses to the Motion to Exclude, and that all parties comply with the Local Rules when filing future motions, responses, or pleadings.

NICB is, therefore, **ORDERED** to comply with the Local Rules and file the full version of Mr. Vowell's October 29, 2025 deposition and any other discovery materials it relies upon in its Motion to Exclude no later than **Friday, January 30, 2026**.

**SO ORDERED**, this 27th day of January 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2