**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

|  |  |  |
|---|---|---|
| **JOHN ANDROS,** *et al.,* | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **CASE NO:** |
| **v.** | : | **7:23-cv-135–WLS** |
| | : | |
| | : | |
| **NATIONAL INSURANCE CRIME** | : | |
| **BUREAU INC.,** | : | |
| | : | |
| **Defendant.** | : | |
| ——————————————————— | : | |

**ORDER**

Before the Court is Defendant National Insurance Crime Bureau's Motion to Exclude Testimony by Plaintiffs' Expert Gary Vowell and Brief in Support (Doc. 153) ("Motion") filed January 23, 2026. Therein, National Insurance Crime Bureau ("NICB") seeks to exclude the testimony of Plaintiffs' expert witness Gary Vowell ("Vowell").

**I.    BACKGROUND**

This action arises out of the execution of search warrants on three properties owned by one or more of the Plaintiffs, John Andros and his wife, Julie Andros (together the "Androses"), Kings Parkway, LLC d/b/a 67 Motors ("67 Motors"), and Ideal Transport, LLC. The locations searched were the Androses' home located at 172 Primrose Lane, Homerville, Georgia ("Residence"), the office and real estate on which 67 Motors is located at 67 West Plant Ave., Homerville, Georgia, and the office and real estate on which Ideal Transport is located at 174 Primrose Lane, Homerville, Georgia. (Docs. 40 ¶ 8, 40-3, 40-5, 40-7). The warrants were executed on August 28, 2023. (*Id.* ¶ 9). On October 5, 2023, Judge Clayton Tomlinson of the Superior Court of Clinch County, Georgia, entered an Order quashing the three warrants. (*See* Doc. 41-8).

As relevant here, an employee of NICB, Special Agent Trent Van Lannen ("Van Lannen"), participated in the search at 67 Motors. Van Lannen was not physically present for the searches conducted at the Residence nor at Ideal Transport. Although Van Lannen used the title Special Agent he is not a law enforcement officer. NICB is a private company put

1

together by large insurance companies to combat fraud. During the time he was present at 67 Motors, Van Lannen did not inform employees present at 67 Motors that he was not a law enforcement officer. Nor did any of the employees inquire whether he was a law enforcement officer.

## II.    LAW

The Federal Rules of Evidence provide:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. "When evaluating the admissibility of expert testimony, this court engages in a three-part inquiry that addresses the expert's qualifications, reliability, and helpfulness." *Rivera v. Ring*, 810 F. App'x 859, 863 (11th Cir. 2020) (citing *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc)). "An expert is qualified when he is able 'to testify competently regarding the matters he intends to address'" and the expert's testimony is helpful if it "'assists the trier of fact, through the application of scientific, technical, or specialized expertise, (1) to understand the evidence or (2) to determine a fact in issue.'" *Id.* (alterations adopted) (quoting *Frazier*, 387 F.3d at 1260).

"An opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704. "An expert may not, however, merely tell the jury what result to reach. A witness also may not testify to the legal implications of conduct; the court must be the jury's only source of law." *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) (citation omitted). "While expert witnesses may offer opinions on an 'ultimate issue' in a case, they may not offer 'legal conclusions.'" *United States v. F.E.B. Corp.*, 52 F.4th 916, 932 (11th Cir. 2022) "Determinations of the admissibility of evidence are left to the broad discretion of the district court." *Montgomery*, 898 F.2d at 541. "[T]he burden of establishing the standards for admissibility rests with the proffering party." *Coll. Park Holdings, LLC. v. Racetrac Petroleum,*

*Inc.*, 239 F. Supp. 2d 1334, 1344 (N.D. Ga. 2002) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593 (1993).

### III.   ANALYSIS

NICB does not contest Vowell's expertise. Nor does it contend that he is unqualified to opine on police procedures. Rather, NICB argues that Vowell's testimony should be excluded because his opinions (1) on Van Lannen's actions create duties where none exist in the law, (2) go to the ultimate issue in the case, and (3) are speculative to the extent he opines that had Van Lannen read the warrant,[1] Van Lannen would have known he was not allowed to participate in the search. (Doc. 153 at 7). NICB also asserts that Vowell's opinions are not helpful to the jury and are unnecessary because there are no aspects of Vowell's opinions that cannot be adequately argued by counsel and understood by the jurors. (*Id.* at 10). NICB acknowledges that it has its own law enforcement expert, but is willing to consent to an order under which the parties withdraw all law enforcement experts. (*Id.* at 10–11 n.1).

Plaintiffs respond that Vowell does not opine on legal duties owed and that neither of the remaining claims—trespass and intentional infliction of emotional distress—requires a duty be owed. Plaintiffs argue that Vowell's opinions provide information about law enforcement practices in a specialized professional context; *i.e.,* law enforcement standards and the scope of permissible civilian participation. (Doc. 163 at 1, 6). Plaintiff's assert Vowell's testimony will assist the jury in evaluating the question of whether Van Lannen knew or should have known that he did not have authority to enter Plaintiff's property and whether his conduct as a professional investigator was reasonable under the circumstances. (*Id.* at 1–2, 6). According to Plaintiffs, NICB is conflating Vowell's factual opinions about professional practices with impermissible legal conclusions. (*Id.* at 1). Plaintiffs argue that NICB's arguments go to the weight of Vowell's testimony and not it admissibility, and disagreement with Vowell's opinions are properly addressed through cross examination and rebuttal evidence. (*Id.* at 2). Finally, Plaintiffs note that merely because Vowell's opinions touch on the ultimate issue of trespass does not render the opinion inadmissible under Federal Rule of Evidence 704. (*Id.* at 5–6).

---

[1] Van Lannen participated in the search of 67 Motors, but not the other locations.

As noted above, NICB contests only the helpfulness of Vowell's opinion, whether it is speculative, and whether it crosses the line by giving impermissible legal conclusions. The Eleventh Circuit has "held that the standard to determine helpfulness is whether the expert testimony 'concerns matters that are beyond the understanding of the average lay person.'" *Rivera*, 810 F. App'x at 863 (quoting *Frazier*, 387 F.3d at 1262–63). Here, a lay juror would not know the practices and procedures regarding allowing private citizens to be present at, or to participate in, the execution of a search warrant and whether Van Lannen's actions were consistent with those practices and procedures and whether they were reasonable considering Van Lannen's own assertion of expertise in assisting law enforcement.

While the full extent of Vowell's testimony is unclear at this time it appears that it is intended to provide the jury with knowledge of law enforcement practices and procedures when a private citizen is involved in execution of search warrants as well as the responsibilities and reasonableness of actions taken by such private citizen. At this point, the Court finds that it is not appropriate to preclude such testimony. Of course, as permitted, the Court may reconsider upon the actual evidence presented at trial and each party continues to bear the responsibility to raise necessary or appropriate objections notwithstanding the instant Order.

Accordingly, Defendant National Insurance Crime Bureau's Motion to Exclude Testimony by Plaintiffs' Expert Gary Vowell and Brief in Support (Doc. 153) is **DENIED**, except that prior to offering Gary's Vowell's opinion testimony in the presence of the jury, counsel shall notify opposing counsel and the Court so the Court can consider the helpfulness of such testimony at that time in the appropriate context and upon the evidence.

**SO ORDERED**, this 4th day of June 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**